THE PEOPLE OF THE STATE OF NEW YORK ex rel. RAYMOND RAMOS, Appellant, v CHAIRMAN OF THE BOARD OF PAROLE OF THE STATE OF NEW YORK, Respondent.—In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Kings County, dated May 22, 1978, dismissing the proceeding. Appeal dismissed as academic, without costs or disbursements, since it appears that petitioner's parole violation warrant has been vacated. Were we not dismissing, we would affirm, as the blanket denial of bail to alleged parole violators, while alleged probation violators are bail-eligible, does not deny the former the equal protection of the law (cf. *People v Gilmore,* 63 AD2d 45; *People ex rel. Little v Monroe,* 38 AD2d 398). Rabin, J. P., Gulotta, Shapiro and Mangano, JJ., concur.

## (April 19, 1979)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL TRINCILLA, Appellant.—Motion by appellant for reargument of his appeal from a sentence of the County Court, Nassau County, imposed September 15, 1978. Motion denied. On the court's own motion, its decision and order, both dated February 26, 1979, are vacated and recalled and the following substituted decision is rendered: Appeal by defendant, as limited by his motion, from a sentence of the County Court, Nassau County, imposed September 15, 1978. Sentence modified, as a matter of discretion in the interest of justice, by reducing the minimum term of imprisonment to one year. As so modified, sentence affirmed. The sentence was excessive to the extent indicated herein. Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.

## (April 20, 1979)

In the Matter of ALEX KESSLER, Petitioner. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE, TENTH JUDICIAL DISTRICT, Respondent.—The petitioner, a disbarred attorney, has made application for reinstatement to the Bar of the State of New York, to practice as an attorney and counselor at law. By order dated June 9, 1978 the matter was referred to the Committee on Character and Fitness, Second Judicial Department, to investigate, hold hearings and report on whether petitioner complied with this court's order of July 5, 1961 which disbarred him and to ascertain whether he presently possesses the character and fitness requisite to an attorney and counselor at law. The Committee on Character and Fitness has submitted its report together with its recommendation that petitioner be reinstated. The court adopts the committee's recommendation; application granted; the clerk of this court is directed to forthwith restore the petitioner's name to the roll of attorneys and counselors at law as he is reinstated to the Bar of the State of New York. Mollen, P. J., Hopkins, Damiani, Titone and Cohalan, JJ., concur.